## Saxton *et al. versus* Mitchell.

1. A devise was: "After the decease of my wife, I order all my real estate to be sold, * * * except such portions of it as are specifically devised or reserved hereafter, and the proceeds from the sale of 130 acres in Upper Allen, &c. (except 20 acres of woodland of said tract adjoining, &c., which I hereby reserve for ever for the use of the members of the Methodist Episcopal Church to hold their camp-meetings on), shall be equally divided between my nephews and nieces who shall be living at my wife's decease." *Held*, that the provision for the church members was a perpetual easement, the use being limited for camp-meetings, and the 20 acres passed to testator's heirs subject to the easement.

2. The church members acquired such rights only as were reasonably necessary for the enjoyment and protection of their worship.

3. A devise of the use for ever is equivalent to a devise in fee.

4. All rights in the land not in conflict with the worship designated by the testator remained in his heirs.

5. An Act of Assembly authorized the court to direct the sale of the land, the proceeds to be appropriated to the purchase of a more suitable place for camp-meetings. *Held*, that the act was unconstitutional.

May 12th 1875.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Cumberland county*: Of May Term 1875, No. 10.

This was an amicable action and case stated, in which Thompson Mitchell, presiding elder of the Methodist Episcopal Church for the Carlisle District of Pennsylvania, was plaintiff, and John O. Saxton and Mary Ellen, his wife, in her right, and James M. Ralston and Margaret J., his wife, in her right, representing themselves and the other heirs at law and legatees of John Dunlap, late of Harrisburg, deceased, were defendants.

The case showed the following facts:—

John Dunlap, of Harrisburg, by his will, dated February 22d 1856, and proved April 14th 1857, devised, as follows, viz.: "I give and devise unto my beloved wife Catharine all my personal property, &c.; I also give and bequeath unto my wife Catharine the income of all my real estate situated in the borough of Harrisburg, and in Upper Allen township, Cumberland county, for and during her natural life. * * * After the decease of my said wife Catharine, I order and direct that all my real estate shall be sold by my executors, or the survivor of them, except such portions of it as are specifically devised and reserved hereafter, and the proceeds arising from the sale of my tract of land containing about one hundred and thirty acres, situated in Upper Allen township, Cumberland county, on the Lisburn road (except twenty acres of woodland of said tract adjoining Robert Bryson and Longnecker which I hereby reserve for ever for the use of the members of the Methodist Episcopal Church to hold their camp-meetings on), shall be equally divided among all my nephews and nieces who may be living at my wife's decease."

Mary Ellen Saxton and Margaret J. Ralston, defendants, are nieces and heirs at law of the said John Dunlap, deceased, and interested in his estate.   The widow of John Dunlap, deceased, is living.

Prior to the 10th of February 1871, application was made to the Orphans' Court of Cumberland county for an order appointing a trustee to sell the twenty acres of land referred to in the will of John Dunlap, deceased, and to invest the proceeds of sale in other real estate to be held for the same uses and purposes.   The court refused the application, because in their opinion the case did not come within the powers conferred by law for the sale of real property.   By an Act of Assembly, approved February 10th

[Saxton v. Mitchell.]

1871, the Court of Common Pleas of Cumberland county, was empowered, upon petition of the presiding elder of the Methodist Episcopal Church for the Carlisle District of the East Pennsylvania Conference, to appoint a trustee to make sale of said tract of land and invest the proceeds in other real estate, to be held for the same purposes and uses as the original. Under this act the plaintiff made application for the appointment of such trustee, and for such order to said court, on March 4th 1871, and a rule was granted upon defendants to show cause why the application should not be granted.

The plaintiff contends that under the will of John Dunlap, deceased, and the Act of Assembly of February 10th 1871, the application made to said court, on March 4th 1871, should be granted.

The defendants, for themselves, as heirs and legatees, and for the other heirs and legatees of John Dunlap, deceased, contend:—

1. That the reservation or devise of the said tract of land is void for uncertainty, and does not vest the title thereto in anybody as against the heirs at law of the said John Dunlap, deceased.

2. That the Act of February 10th 1871, is judicial in its character, and unconstitutional and void.

Judgment to be entered accordingly as the court should be of the opinion with the plaintiff or defendants.

The court, Junkin, P. J., was of opinion:—

1. That the reservation for the use of the Methodist Episcopal Church was of the land in fee and not merely an easement.

2. That the devise was not void for uncertainty.

3. That the twenty acres might be sold and the proceeds applied for the purchase of a more eligible and suitable site for a camp-meeting.

Judgment was accordingly entered for the plaintiff, and a decree made directing the sale of the land in accordance with the Act of February 10th 1871.

The defendants took a writ of error, and assigned for error, that the court rendered judgment for the plaintiff and decreed a sale of the land.

J. Hays, for plaintiff in error.—The gift was only " a liberty, privilege or advantage " in the testator's land, and therefore but on easement; Gale & Whatley on Easements 6; Big Mountain Improvement Co.'s Appeal, 4 P. F. Smith 361. The Act of February 10th 1871, assumed to exercise judicial power and divest vested rights, which would be unconstitutional: Baggs' Appeal, 7 Wright 512; Grim v. School Directors, 7 P. F. Smith 437; Dale v. Medcalf, 9 Barr 110; Norman v. Heist, 5 W. & S. 173; Shonk v. Brown, 11 P. F. Smith 327; Haley v. Philadelphia, 18 Id. 47.

28 P. F. Smith—31

*W. F. Sadler* for defendant in error.—The gift was of the land and not merely an easement, and a sale for the same uses might be ordered : Griffitts *v.* Cope, 5 Harris 98 ; Kerlin *v.* Campbell, 3 Id. 500 ; Brendle *v.* German Ref. Ch., 9 Casey 424.   The devise of the use for ever is equivalent to devise of the fee : Van Rensselaer *v.* Dunkin's Ex., 12 Harris 252 ; Anderson *v.* Greble, 1 Ashmead 136 ; Reed *v.* Reed, 9 Mass. 372.   A devise will not fail for want of a trustee : Pickering *v.* Shotwell, 10 Barr 23 ; Zimmerman *v.* Anders, 6 W. & S. 218.   The devise is not uncertain : Whicher *v.* Hume, 1 De Gex, McN. & Gordon 506 ; Going *v.* Emery, 16 Pick. 116.   The lot being unsuitable for the purposes for which it was designed, an exigency had arisen to authorize a sale : Griffitts *v.* Cope, *supra* ; Barr *v.* Weld, 12 Harris 84 ; Pickle *v.* McKissick, 9 Harris 233.

Mr. Justice MERCUR delivered the opinion of the court, October 12th 1875.

The intention of the testator has always been deemed the first great leading rule in the construction of a will.   That intention, drawn from the whole will, must govern its construction, except where the law rules the intention otherwise.

In this case the testator devised to his wife, during her life, the income of all his real estate, situated in the borough of Harrisburg, and in Upper Allen township, Cumberland county.   He directed his executors to sell, after the death of his wife, all of his real estate, " except such portions of it as are specifically devised and reserved hereafter, and the proceeds arising from the sale of my tract of land, containing about one hundred and thirty acres, situated in Upper Allen township, Cumberland county, on the Lisburn road, (except twenty acres of woodland, of said tract adjoining Robert Bryson and Longnecker, which I hereby reserve for ever, for the use of the members of the Methodist Episcopal Church, to hold their camp-meetings on) shall be equally divided among all my nephews and nieces who may be living at my wife's decease."

There is no devise to the defendants in error in clear and specific terms.   Their rights are dependent on the language which we have given.   These twenty acres are excepted out of the tract of land which his executors are directed to sell after the decease of his wife.   She is yet living.   The testator for ever reserved these twenty acres from sale.   His expressed object in reserving them was for " the members of the Methodist Episcopal Church to hold their camp-meetings on."   We must assume the testator had in his mind the limited time for which the ground would be used in each year for camp-meetings.   It is well known that such meetings do not usually continue longer than from one to two weeks.   He manifestly designed to give to the members of the church to which he was attached, this temporary use each year, for religious worship.

[Saxton v. Mitchell.]

So far as was necessary for that purpose, he gave it to them. Beyond that he withheld it. They acquired such rights only as were reasonably necessary for the enjoyment and protection of their worship. It is true a devise of the use for ever is equivalent to a devise in fee. Hence, if the testator had given to the members of the church such a use or occupation of the land as would for ever have given them the continuous and exclusive possession thereof, it might in law have given them a fee. But the qualified and restricted use given by the testator passed to the beneficiaries no right wantonly to destroy the timber growing on the land, nor to convert the premises into a beer-garden or race-course, when not occupied for camp-meetings. The land passed to the testator's heirs, subject to this perpetual easement for the religious worship named. All rights in the land, not in conflict with the worship designated by the testator, remained in his heirs. They were obliged to suffer this land to be used by the persons and for the object stated. They took it thus charged. An easement is said to be "a privilege without profit to the servient owner, which he is obliged to suffer, or not to do something on his own land for the advantage of the dominant owner": Gale and Whatley on Easements 6. A right of way may be limited, both as to the intervals at which they may be used, as a way to church, and the actual extent of user authorized, as a foot-way, horse-way, or carriage-way: Id. 199.

The case stated does not set forth the whole will. We are therefore deprived of any light which other portions might throw on the part we are called upon to construe. So far as it is furnished us, we all are of the opinion that an estate in fee, in the whole twenty acres, is not given to the members of the Methodist Episcopal Church, except for the purpose specified; although in fee, the devise may be an easement only: Big Mountain Improvement Co.'s Appeal, 4 P. F. Smith 369.

Such being our view of the case, it follows that the defendants in error are limited to an occupancy of the land for the religious worship named. The legislature then had no power to authorize the title of the heirs to be divested: Grim v. School Directors, 7 P. F. Smith 437: Shonk v. Brown, 11 Id. 327; Haley v. The City of Philadelphia, 18 Id. 47.

The learned judge, therefore, erred in decreeing a sale of the twenty acres of land, and it must be reversed.

Decree reversed and judgment entered in favor of the plaintiffs in error, with costs.