# Hilt *v.* Hilt, Appellant.

*Husband and wife—Estate by entireties—Divorce.*

A husband cannot maintain an action of assumpsit against his divorced wife for rents and profits, accruing after divorce, of real estate and personalty acquired during coverture and held by them as tenants by entireties. An absolute divorce does not change the nature of such an estate.

Argued April 15, 1912. Appeal, No. 94, April T., 1912, by defendant, from judgment of C. P. Washington Co., May T., 1911, No. 142, for plaintiff on demurrer in case of Conrad Hilt v. Catherine Hilt. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit for a share of rents and profits of real and personal property.

Demurrer to statement of claim.

TAYLOR, J., stated the facts to be as follows:

Many years prior to the bringing of this suit and up until about January 11, 1909, the plaintiff and defendant were husband and wife and by their joint earnings accumulated considerable personal property and had conveyed to them from time to time two parcels of real estate situate in the borough of Charleroi, Washington county, Pa., the deed to which in each case was made out to both Conrad H. and Catherine Hilt, their heirs and assigns, as tenants by entireties of said real estate and also of the personal property accumulated by them.

On January 11, 1909, the said parties were divorced from the bonds of matrimony. For some time prior to the signing of the decree in divorce as aforesaid, and all the time since that occurrence, in all two years or thereabouts, Catherine Hilt, the defendant in the above suit, had and now has sole control and management of all said property. She obtained and retained all the rents,

456          HILT *v.* HILT, Appellant.

Statement of Facts—Opinion of the Court.          [50 Pa. Superior Ct.

issues and profits arising therefrom and has refused and still refuses to allow the plaintiff, Conrad Hilt, the use of all or any of said property, and has denied him the possession of any of it to which he would be entitled, or to give him any share or part of the rents accruing from the said real estate, or share part of the profits arising from the said personal property, and for which he brings this suit, averring that, over and above taxes, interest and expenses, is about $500 per year or $1,000 for the past two years, which profits have been secured and retained by the defendant in the suit.

The court overruled the demurrer.

*Error assigned* was in overruling demurrer.

*David M. McCloskey,* for appellant, cited: Stuckey v. Keefe, 26 Pa. 397; Hoover v. Potter, 42 Pa. Superior Ct. 21; Hetzel v. Lincoln, 216 Pa. 60; Bramberry's Est., 156 Pa. 628; Meyer's Est., 232 Pa. 89.

*Byron E. Tombaugh,* for appellee, cited: Ames v. Norman, 36 Tenn. 683; Donegan v. Donegan, 103 Ala. 488 (15 So. Repr. 823); Alles v. Lyon, 216 Pa. 604.

OPINION BY RICE, P. J., July 18, 1912:

The question involved in this appeal is, whether a divorced husband can maintain an action of assumpsit for rents and profits, accruing after divorce, of real estate and personalty acquired during coverture and held as tenants by entireties. The primary question to be determined is, whether an absolute divorce changes the nature of such estate. In some jurisdictions it has been held that it does, and in others that it does not. But we need not review the cases from other states, for in Alles v. Lyon, 216 Pa. 604, the precise question was authoritatively determined in the negative, upon full consideration of the arguments pro and con. After pointing out the nature and incidents of an estate by entireties, Chief Justice MITCHELL said:

"The argument for the change by divorce from an estate by entireties to a tenancy in common rests on the assumption that as the basis of the estate is the unity of person, a severance of that unity carries with it a severance of the estate; that as after divorce an estate by entireties could not be created between the parties it cannot be continued. But this view fails to give due weight to the rule that the quality of the estate is determined at its inception. It arises not out of unity of person alone, but out of unity of person at the time of the grant. 'If an estate be made to a man and woman and their heirs, before marriage, and after(wards) they marry, the husband and wife have moieties between them:' Coke, Litt. 187b; and see 2 Cruise's Digest, 494 and 2 Plowden, 483, cited in Stuckey v. Keefe's Exrs., 26 Pa. 397. No stronger illustration could be given. If subsequent unity of person cannot change a tenancy in common to one by entireties, e converso a subsequent severance of the unity of person ought not to change a tenancy by entireties to one in common." But it is argued that, although the nature of the estate was not changed by the divorce, yet, as it would be unreasonable to require the parties to enjoy it together, the tenant out of possession ought to have a right to maintain an action of assumpsit against the tenant actually in possession for one-half of the rents and profits which the latter has received. It is thus seen that the right which the plaintiff asserts is virtually a right to compel an accounting. But it is quite clear, under the authorities, that, as between tenants by entireties, such right does not exist. "Being regarded as one person in law they take not in parts or shares, like joint tenants or tenants in common, but each takes the whole, or in the ancient phrase they are seized, not per mie et per tout, but per tout only. Incident to this estate as to joint tenancy is the right of survivorship, with this difference, that on the death of husband or wife the survivor takes no new title or estate; he or she is in possession of the whole from its inception:" Alles v. Lyon, 216 Pa. 604. There is nothing in the married

women's Acts of April 11, 1848, P. L. 536, June 3, 1887, P. L. 332, and June 8, 1893, P. L. 344, which changes the common-law rule upon the subject: Hoover v. Potter, 42 Pa. Superior Ct. 21. And it is to be remarked, in passing, that a tenancy by entireties may exist in personal as well as real property: Bramberry's Est., 156 Pa. 628. In the leading case of Stuckey v. Keefe's Exrs., 26 Pa. 397, Chief Justice Lewis, contrasting tenancy in common with tenancy by entireties, said: "Tenants in common may sell their respective shares. They are compellable to make partition. They are liable to reciprocal actions of waste and of account; and, if one turns the other out of possession, an action of ejectment will lie against him. These incidents cannot exist in an estate held by husband and wife. No action of partition, or waste, or account, or ejectment, can be maintained by one against the other." In the recent case of Meyer's Est. (No. 2), 232 Pa. 95, it was held that, where a residuary estate has been given by will to a husband and wife as tenants by entireties, the orphans' court cannot, in awarding the fund to the husband and wife, require them to enter security for the protection of the husband's trustee in bankruptcy, in the event of the husband surviving the wife. In announcing this conclusion, the Supreme Court, by Mr. Justice Stewart, said: "The wife's right to present enjoyment of the estate, is not to a part, but to all of it; and this may not be denied her in order to protect a contingent interest of one claiming through the husband. To impose such condition upon the exercise and enjoyment of her right, as was here directed, resolves the estate into a tenancy in common. Being an estate by entireties neither husband nor wife could, under any circumstances, require an accounting by the other; nor could either restrain the other against consuming more than an equal part. The effect of requiring security as a condition of the wife's enjoyment of her estate would be to restrain consumption by her of her own property in order that her husband's creditors might be protected. She received the estate on no such

condition. It is hers to consume if she so desires. The husband would be powerless to prevent it by legal proceedings and those claiming under him have no higher rights." This doctrine is entirely inconsistent with the idea advanced in the present case, that one tenant can sue the other for one-half the rents and profits received by the latter. To recognize such right would logically imply the right to partition, and thus the radical distinction between tenancy in common and tenancy by entireties would be broken down. Certainly, no such right existed before divorce, and, as the quality of the estate and its incidents are to be determined as of its inception, it necessarily follows that it did not arise after divorce.

The judgment is reversed, and judgment is now entered for the defendant on the demurrer.