## Ebersole v. Goodman.

*Husband and wife—Estate by entireties—Divorce—Act of May 13, 1925—Constitutionality.*

1. An estate by entireties acquired by a husband and wife is not affected by their subsequent divorce.

2. The Act of May 13, 1925, P. L. 649, authorizing the appointment of a trustee to sell property held by entireties after the divorce of the husband and wife, is unconstitutional, inasmuch as it deprives the parties of their right to survivorship without due process of law.

3. The right of one to take the whole estate after the death of the other is a valuable right of which the party cannot be deprived without his or her consent.

Bill in equity for appointment of trustee, etc. C. P. Huntingdon Co., Sept. T., 1925, No. 277.

*Henderson & Henderson,* for plaintiffs; *Harry W. Petriken,* for defendant.

BAILEY, P. J., Dec. 24, 1925.—The facts alleged in this bill in equity are not in dispute. Ida Ebersole and the defendant, Christ Goodman, were united in marriage before the 2nd day of May, 1908, and continued to live together as husband and wife until about June 7, 1916. By deed dated May 2, 1908, the plaintiff and defendant took title in fee as tenants by entireties by deed from A. A. La Rue to a certain lot of ground in the Borough of Huntingdon. The estate thus created in these parties is described by Judge Grier and affirmed by the Supreme Court in Robb v. Beaver, 8 W. & S. 107, 111: "It is

Ebersole v. Goodman.

well settled that if a husband and wife take to themselves an estate jointly during their marriage they have no several estates, nor are they tenants in common, nor yet joint tenants in the proper legal sense of the word; but in consequence of the union of their persons by marriage, each has the whole estate in the parcels granted, entirely as one person, so that on the death of either of them the whole estate belongs to the survivor."

On July 7, 1916, a decree of absolute divorce entered by this court between this plaintiff and the defendant became effective. This situation does not change the nature of the estate by entireties: Hilt v. Hilt, 50 Pa. Superior Ct. 455; Alles v. Lyon, 216 Pa. 604. In estates of this sort each tenant takes the whole and carries with it the right of survivorship. By death of one of the tenants no estate is created, but the legal personage holding the estate is reduced to an individuality identical with the natural person: Stuckey v. Keefe's Executors, 26 Pa. 397, 399.

The prayer of this bill is that we should make an order appointing a trustee to make public sale of the real estate described and, after the payment of the expenses of the proceedings and the sale, to distribute the balance of the proceeds in equal shares to Ida Ebersole, the plaintiff, and to the defendant. There is no allegation or proof of any superior equity in this land possessed by the plaintiff over the defendant based upon any other title, claim or judgment in her favor against him. The authority of the court, however, to make this order is declared by the plaintiff to be found in an Act of Assembly approved May 13, 1925, P. L. 649. This act authorizes the court, if it deem proper, to appoint a trustee to direct the sale of property where a husband and wife holding by entireties have been divorced, and direct that the proceeds of the sale, after the payment of the expenses, shall be equally divided between the tenants. It is to be observed that this act gives to the court the right to take the defendant's estate and vest it in a trustee at its discretion, in the absence of the adjudication of any right against the defendant and totally without his consent. It is true that acts of assembly have been recognized by the court as constitutional which give to the Orpahns' Court and to the Court of Common Pleas the right to direct the sale of real estate belonging to persons under legal disability and in partition, where it has been judicially established that the estates of tenants in common cannot be divided without prejudice to or spoiling the whole. But, as was said in Kneass's Appeal, 31 Pa. 87, 90: "This power in the legislature is justified by necessity, since the parties in interest cannot enjoy their rights otherwise. The case here presented is entirely different. This defendant has the right to expect that he may, as the survivor, enjoy the estate in severalty. This act annihilates that incident without cause shown, and to that extent transgresses the limitations placed upon the legislative power in the 5th Amendment to the Constitution of the United States and in article I, section 9, of the Constitution of Pennsylvania. The effect of this statute is simply to destroy the estate of the defendant without due process of law and confer it upon a trustee; an arbitrary and unjust exercise of power condemned, with relation to somewhat similar statutes, by the Supreme Court of this State:" Shonk v. Brown, 61 Pa. 320, 327; Saxton v. Mitchell, 78 Pa. 479. A similar principle has been announced in the State of New York: "It cannot be the subject of doubt that an act of the legislature which provides for the involuntary transfer of property from one person to another without due process of law, whether with or without compensation, violates the principles of the fundamental law, whatever may be the pretext upon which it is founded: Gilman v. Tucker, 13 L. R. A. 304, 308. "A statute would be unconstitutional which in effect, either by

Ebersole v. Goodman.

legislative fiat or by direct or indirect operation, should take the property of one man and give it to another:" 6 Ruling Case Law, 310.

The act here under discussion vests discretionary power in this court to seize the estate of the defendant without the adjudication of any claim whatsoever against him, without the allegation of any wrongful act on his part and declare it forfeited. It seeks to substitute one-half of the proceeds of the sale of the land for the constitutional right which he has to enjoy the dominion over the entire estate, either presently or in the event of survivorship. This, we feel assured, the legislature has no right to do.

### Findings of fact.

1. On May 2, 1908, Ida Ebersole and the defendant, as husband and wife, acquired by deed title in fee as tenants by entireties to a certain lot of ground situate in the Borough of Huntingdon, Pa., in the bill more particularly described.

2. On June 7, 1916, by decree of this court the parties were divorced from the bonds of matrimony. This decree became effective July 7, 1916.

3. Later, Ida Ebersole, one of the plaintiffs, became lawfully married with her present husband, George Ebersole, the other plaintiff.

### Conclusions of law.

1. By the estate vested in Ida Ebersole and Christ Goodman by deed of May 2, 1908, the parties, as tenants in fee by entireties, each acquired the whole of the estate in the lands described, with the incident of survivorship, by which neither one may enjoy the estate in severalty.

2. The subsequent divorce of these persons in no way affected the estate thus acquired.

3. The Act of May 13, 1925, P. L. 649, is unconstitutional with respect to its operation upon the rights of the defendant here, since it deprives him of his estate by entireties without due process of law.

### Decree nisi.

Now, Dec. 24, 1925, the prothonotary is ordered and directed to enter the following decree nisi:

1. The bill in equity is dismissed.

2. The plaintiffs are directed to pay the costs of this proceeding.

From R. W. Williamson, Huntingdon, Pa.