Clements *v.* Sannuti et ux., Appellants.

Argued December 4, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Marshall H. Morgan,* for appellants.

*Philip Richman,* with him *Jacob S. Richman,* and *Richman & Richman,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, March 24, 1947:

This appeal involves a controversy over the right to exclusive use of the rear portion of a garage located partly on land owned by appellee and partly on land of appellants.

The facts are undisputed. In 1919 the then owner of adjoining Lots 1344 and 1346 North 52nd Street, Philadelphia (hereinafter referred to as Lot 1344 and Lot 1346), erected a brick garage on the rear of the two lots, 15 feet in width by 27½ feet in depth, covering an area of 15 by 15 feet (225 square feet) of the rear of Lot 1346 and 15 by 12½ feet (187½ square feet) of the rear of Lot 1344, with the only entrance being located in the portion erected on Lot 1346 and facing Master Street, on which this lot abuts. On November 30, 1925, the common owner mortgaged Lot 1344 to Fidelity-Philadelphia Trust Company et al., trustees, and on July 28, 1930, he conveyed the two lots to the Edward W. Woolman Building and Loan Association, subject to the mortgage on Lot 1344. On January 9, 1933, the mortgagees acquired title by foreclosure to Lot 1344, and on July 29, 1939, they conveyed this lot to Vincenzo Sannuti and Maria Sannuti, his wife, appellants. Appellee, Anna Stumpf Clements, acquired title to Lot 1346 by deed from the Liquidating Trustees of the Edward W. Woolman Building and Loan Association on July 25, 1941.

Appellants having threatened to erect a partition wall through the garage on their property line, appellee, on May 11, 1945, filed this bill in equity, averring

user of the entire garage by herself and her predecessors in title, and asking for an injunction, on the theory of an implied reservation of an easement, restraining appellants from tearing down or destroying any part of the garage, from directly or indirectly interfering with her full and complete use thereof, from trespassing or otherwise entering upon the garage premises, and from erecting or causing to be erected any structure or wall within the garage so as to interfere with the full use thereof by appellee. The bill did not aver that the use of the whole garage was necessary to the beneficial enjoyment of appellee's lot, and at the hearing on bill and answer appellee conceded that the right to use of the portion of the garage located on appellants' premises "is not claimed as a necessity." Nevertheless, after hearing, the court below granted the injunction as prayed for. Exceptions filed by appellants were dismissed and this appeal followed.

The court below held the rule applies, as stated by Mr. Justice MITCHELL, in *Grace Methodist Episcopal Church v. Dobbins,* 153 Pa. 294, 297, 25 A. 1120, that "Where an owner of land subjects part of it to an open, visible, permanent, and continuous service or easement in favor of another party, and then aliens either, the purchaser takes subject to the burden or the benefit as the case may be." In so holding the court below erred.

It is the traditionally established doctrine that there can be no easement, no incorporeal right, binding the servient tenement, the effect of which would be to deprive its owner of the right of use or possession thereof. "An easement is a liberty, privilege or advantage which one may have in the lands of another without profit . . . It may be merely negative . . . and may be created by a covenant or agreement not to use land in a certain way . . . *But it cannot be an estate or interest in the land itself, or a right to any part of it"* (Italics supplied) : *Slegel v. Lauer,* 148 Pa. 236, 240. "An easement is a right in the owner of one parcel of

land by reason of such ownership to use the land of another for a special purpose *not inconsistent with a general property in the owner"*: *Riefler & Sons v. The Wayne S. W. P. Co.*, 232 Pa. 282, 289. See also *Saxton v. Mitchell*, 78 Pa. 479, 483; *Smith v. Dutton*, 4 Phila. Reports 73, 74; Restatement, Property, Servitudes, section 450. The right claimed by appellee does not differ in effect from a claim to a fee in the 187½ square feet of land covered by the rear portion of the garage, since it requires in its exercise the permanent, actual and exclusive possession and use of this amount of land which was not conveyed to appellee and admittedly belongs to appellants. Such right goes beyond a mere incorporeal right and is not a "service or easement" within the meaning of the rule stated.

In *Griffiths v. Morrison*, 106 N. Y. 165, 12 N. E. 580, the plaintiff, owner of two adjoining lots, Nos. 141 and 143, conveyed No. 141 to defendant's grantor and retained No. 143. At the time of the conveyance a house stood on the lot conveyed and extended five feet over the line between the two lots. The plaintiff, although she was the grantor, brought an action of ejectment for the five feet and obtained a judgment awarding her possession which was affirmed on appeal. The court rejected defendant's contention that the right to use and occupy the five feet passed to his grantor as an easement appurtenant to the lot conveyed, stating as follows (12 N. E. 581, 582): "There is no suggestion of mistake of measurement in the amount of land intended to be conveyed, and yet a piece of land five feet in addition to that which was actually conveyed, and out of a total of only twenty-two feet, is thus called for to furnish this easement to defendant's premises. We think that the language conveys only that part of the building which is on the land described, and that no right such as is claimed by the defendant exists upon or in relation to the land not conveyed, and which belongs to plaintiff . . . By the word 'appurtenances', incorporeal easements or rights or privileges will alone pass, and of

these only such as are necessary to the proper enjoyment of the estate granted . . . The character of the easement claimed by defendant, in effect, does not differ from the claim of the fee to the five feet; for the right . . . requires in its exercise the actual and exclusive possession of that amount of land, although it was never conveyed to defendant."

Again, in *Whyte v. Builders' League of New York,* 164 N. Y. 429, 58 N. E. 517, where three frame houses were erected under one roof on two adjoining lots; with the middle house occupying eight feet on either side of the dividing line, and the common owner conveyed the two lots to different parties by deeds of even date, with full covenants and without reservation of any easement, the court held no easement arose by implication for the benefit of the owner of either half of the middle house against the owner of the other half. The owner of the easterly lot had torn down the half of the middle house standing on his lot and the owners of the westerly lot in their complaint asked that the owner of the easterly lot restore the house and pay damages for interference with their use of it. In affirming a judgment dismissing the complaint, the court said (58 N. E. 518) : "As was said in the *Morrison* case, the character of the easement claimed does not differ in effect from the claim of a fee to the eight feet. It requires the use of that amount of land belonging to the defendant. It would be intolerable to extend the doctrine applicable to party walls so far as to compel the owner of a lot, in the absence of an express grant or reservation, to maintain or permit its maintenance by the adjoining owner, in the interior of his lot, thus giving to the adjoining owner not only the support of the wall, but the dominant use of the intervening space, in order to reach his distant support. No case to which we are cited goes so far."

Another case in point is *Adams v. Marshall,* 138 Mass. 228. There the owner of a lot of land, on which was a barn, conveyed by warranty deed a portion of the

land, by metes and bounds, the boundary line running through the barn. The grantee cut off so much of the barn as was on his own land and, in an action of trespass brought by the grantor, defended on the theory that the entire barn passed as appurtenant to the land conveyed. The court rejected this theory stating (p. 234) : "There is no mention of the barn in the deed to the defendant; the premises are conveyed by metes and bounds. Whatever title the defendant has in the barn has been acquired because the barn was so attached to the realty as to have become a part of it . . ." And, see also, *Littlefield x. Maxwell*, 31 Me. 134; *Past v. Pearsall*, 22 Wend. (N. Y.) 425.

*Casey v. Canning*, 43 Pa. Superior Ct. 31, mainly relied upon by appellee, is clearly distinguishable. As the opinion of the Superior Court points out, it was not necessary to the proper and reasonable enjoyment of the easement there claimed by the plaintiff, in the nature of a right to use of a privy section on land belonging to defendant, that her possession of that portion of the building should be at all times exclusive and adverse to the real owner of the soil. Moreover, the court recognized (p. 39) that "had she thus attempted to surcharge her easement and develop it into a title to the land itself, a remedy at law or in equity would have been available to the owner to prevent the clandestine acquisition of his title."

Had the mortgage to appellants' grantor excluded the garage, or were this a case of a slight encroachment of a building upon or near the dividing line, as in numerous cases cited to us by appellee, somewhat different considerations would be involved. The mortgage to appellants' grantor did not contain any exception or reservation and did not mention the garage. The entire lot, No. 1344 North 52nd Street, described as "CONTAINING in front or breadth on the said Fifty-second Street Fifteen feet and extending of that width in length or depth Westward between parallel lines with the said

Master Street Eighty-five feet to a certain Four feet wide alley extending Northward into the said Master Street", including the land on which the portion of the garage in dispute stands, was mortgaged, "with the Buildings and Improvements thereon erected." Had there been any thought of reserving to the mortgagor the portion of the garage standing on the mortgaged premises, language would have been used making it plain that such was the intention of the parties.

Decree reversed and the bill is dismissed. Costs to be paid by appellee.