J-A32015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARK P. MATTHEWS AND BRENDA MATTHEWS, HIS WIFE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| GEORGE TESLOVICH, JR. | |
| Appellant | No. 54 WDA 2015 |

Appeal from the Judgment Entered January 7, 2015
In the Court of Common Pleas of Fayette County
Civil Division at No: 2593 of 2011 GD

BEFORE:  SHOGAN, OTT, and STABILE, JJ.

DISSENTING MEMORANDUM BY STABILE, J.:          **FILED MARCH 8, 2016**

I respectfully dissent.  I believe the Majority's decision is contrary to the settled law governing easements in this Commonwealth.  Relying upon **_PARC Holdings, Inc. v. Killian_**, 785 A.2d 106 (Pa. Super. 2001), the Majority impermissibly attempts to use law relevant to express easements to find an easement by necessity in this case.

The facts and procedural history _sub judice_ are undisputed and recounted aptly by the Majority.  Appellee Brenda Matthews suffered adverse physical reactions to well water and, as a result, Appellee Brenda and her husband Appellee Mark Matthews sought public water from Pennsylvania Water Company.  To receive public water, however, Appellees wished to install a water line along or under Maple Hill Lane, which the parties agree is a private road.  The trial court ultimately concluded Appellees had an

easement by necessity for ingress and egress over Maple Hill Lane and that the easement also included a right for installation of utilities.[1]

As this Court noted in **Youst v. Keck's Food Service, Inc.**, 94 A.3d 1057 (Pa. Super. 2014), I too am unable to locate and am unaware of any decision where a court in this Commonwealth has granted an easement by necessity for anything other than a landlocked property owner's need for ingress, egress or regress. Indeed, as we observed in **Youst**, an easement by necessity has not been recognized in this Commonwealth "for any other purpose than for ingress to a piece of land and egress from the piece of land" and no intervening case has altered that observation. **Youst**, 94 A.3d at 1076. The Majority has attempted to borrow logic from **PARC Holdings** to find a utility easement by necessity in this case. I find the use of **PARC Holdings** and the express easement cases it relies upon to be completely inapposite given the fundamental difference between express easements and those by necessity.

An express easement is premised upon an agreement between parties whereby a property owner is granted a right to use the land of another for a specific purpose. **See generally Clements v. Sannuti**, 51 A.2d 697, 698 (Pa. 1947) (citation and emphasis omitted). Generally, to be effective, an easement must be recorded. **Amerikohl Mining Co. v. Peoples Nat. Gas**

---

[1] Appellees' right to ingress, egress, or regress Maple Hill Lane is not at dispute here.

*Co.*, 860 A.2d 547, 549 n.4 (Pa. Super. 2004), *appeal denied*, 876 A.2d 392 (Pa. 2005). In contrast, an easement by necessity is not based upon an agreement, but contemplates a situation in which a parcel of land is landlocked. *Phillippi v. Knotter*, 748 A.2d 757, 760 (Pa. Super. 2000). Reliance upon case law that divines the parties' intentions with respect to the scope of the rights granted under an express easement has no application when considering an easement by necessity where no agreement exists between the parties. An easement by necessity requires no proof of the parties' intent. The three fundamental requirements for an easement by necessity are as follows:

> 1) The titles to the alleged dominant and servient properties must have been held by one person.
>
> 2) This unity of title must have been severed by a conveyance of one of the tracts.
>
> 3) The easement must be necessary in order for the owner of the dominant tenement to use his land, with the necessity existing **both** at the time of the severance of title and at the time of the exercise of the easement.

*Id.* at 760 (citation omitted) (emphasis added).

As is apparent, express easements and easements by necessity are vastly different. This difference is amplified rather than mitigated by the decision in *PARC Holdings.* In *PARC Holdings*, this Court was asked to interpret the language of an express easement to determine whether it encompassed installation of utilities. *Id.* at 110-11. As with any contract, the rights conferred by the grant of the express easement had to be ascertained solely from the language of the deed, provided the deed

language was unambiguous. *Id.* (citing ***Dowgiel v. Reid***, 59 A.2d 115 (Pa. 1948); ***Hutchison v. Sunbeam Coal Corp.***, 519 A.2d 385 (Pa. 1986)). This Court however, found the language to be ambiguous in that it did not specify a limited purpose for the access granted and therefore, we determined the focal point of inquiry was the intention of the parties who created the easement. Ultimately, this Court held that the evidence found credible by the trial court was sufficient to find that the easement agreed to between the parties permitted an extension of the public road with utilities to the remaining property. Since utilities already were installed along the public road, the logical implication was that the parties intended to extend the utilities along with the road. The decision in ***PARC Holdings*** was a matter of contract interpretation, an irrelevant consideration to determining if an easement by necessity exists.

I further disagree with the Majority's attempt to equate our decision in ***PARC Holdings*** to this case based upon the rationale that we are evaluating the words "ingress and egress" over a road originally referred to as a "public road" in the conveyance from Beal. Maj. Mem. At 6. The words "ingress and egress" do not appear anywhere in the 1972 Beal conveyance to the grantee Rhodes, who subsequently conveyed the property to Appellees in 2007. The reference to a "public road" in the conveyance appears solely to delineate the boundaries of the property conveyed. Although Maple Hill Lane

- 4 -

was initially intended to be dedicated as a public road, this never occurred and it is undisputed the road then and now exists as a private road.[2] Without a conveyance providing for ingress and egress, the rationale in **PARC Holdings** is of little assistance to resolving the instant appeal. To hold otherwise, would vastly change our law relating to easements by necessity.

Even were we to assume for the moment that easements by necessity could be claimed for utilities, Appellees still are not entitled to relief. To establish an easement by necessity, Appellees have to demonstrate that the necessity giving rise to the easement existed **both** "at the time of the severance of title and at the time of the exercise of the easement." **Phillippi**, **supra**, **see also Possessky v. Diem**, 399, 655 A.2d 1004, 1010 (Pa. Super. 1995) (noting that "the necessity must exist at the time of severance of the land.") (citation omitted). The Appellees' property first was deeded from Beal to Frank and Editha Rhodes in 1972 when Beal began to subdivide land and severed the subject property from a larger parcel. Complaint ¶'s 4-5. The Rhodes deeded the property to Appellees in 2007. The record before us does not indicate that any necessity existed at the time title was severed in 1972 to create Appellees' parcel. To claim an easement by necessity Appellees had to show that the necessity for water existed in

_____

[2] In order for a road to gain public status in a second class township like South Union Township where the Appellees' property is located, it first must be accepted for dedication by the township. **See** 53 P.S. § 67316.

1972 and was claimed as of that time. It is undisputed that Appellees were aware of the lack of public water when they purchased the property in 2007, some 35 years after the severance in title. The property had well water. The necessity raised here did not involve a lack of water or access to water necessary for the use and enjoyment of the property at the time title was severed in 1972. The necessity claimed is predicated solely on Appellee Brenda Matthews' personal reaction to well water in 2010 some three years after the Appellees acquired the property.[3] Appellees' Complaint, 11/21/11, at ¶ 3. Since the necessity claimed arises more than 40 years after severance of title, an easement by necessity cannot be found to exist.

Finally, to the extent Appellant also argues that the trial court abused its discretion in granting Appellees an easement by implication for utilities, I agree. It is settled that an easement by implication:

> rest[s] upon the principle that, where the owner of two or more adjacent lots sells a part thereof, he grants by implication to the grantee all those **apparent and visible** easements which are necessary for the **reasonable use of the property granted**, which **at the time of the grant are used by the owner of the entirety for the benefit of the part granted**.

***Sentz v. Crabbs***, 630 A.2d 894, 895 (Pa. Super. 1993) (citation omitted) (emphasis added). Instantly, the record before us is devoid of any evidence

---

[3] I would note that the grant of an easement by necessity for installation of a public water line may have an adverse consequence for not only Appellant, but also neighboring landowners who use well water. Many municipalities in this Commonwealth have ordinances requiring landowners to connect to a public water system if their primary residence is located within 150 feet of the system, regardless of the availability of well water. ***See*** 53 P.S. § 67603.

that Maple Hill Lane ever was ever for any purpose other than ingress, egress or regress. In my opinion, the trial court likewise abused its discretion in finding an easement by implication for utilities.

Accordingly, I would reverse the judgment entered in this case.