J-S28034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROBERT J. LEIBENSPERGER, JR. AND DEBORAH LEIBENSPERGER, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| PPL SERVICES CORP. (AS AMENDED TO PPL ELECTRIC UTILITIES CORP.) | : | No. 1665 MDA 2017 |

Appeal from the Order Entered October 5, 2017
in the Court of Common Pleas of Schuylkill County,
Civil Division at No(s):  S-1321-2017

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED AUGUST 03, 2018**

Robert J. Leibensperger, Jr. ("Robert"), and Deborah Leibensperger (collectively "the Leibenspergers") appeal from the Order sustaining the Preliminary Objections filed by PPL Services Corp. ("PPL"), and dismissing the Leibenspergers' Action for Declaratory Relief, with prejudice.  We affirm.

The Leibenspergers own a parcel of land ("subject property") in Schuylkill County, Pennsylvania, that is subject to an express easement owned by PPL, an electric company that operates electric lines on property adjacent to the subject property.  The easement was originally granted in a December 21, 1964 deed between the Panther Valley Water Company and Pennsylvania Power & Light Company, PPL's predecessor, which granted Pennsylvania Power & Light Company,

> its successors, assigns and lessees, the right to construct, operate and maintain, and from time to time (limited to the extent that

presently designated clearing widths will permit) to reconstruct its electric lines, including such poles, towers, cables and wires above and under the surface of the ground, fixtures and apparatus as may be from time to time necessary for the convenient transaction of the business of the said [Pennsylvania Power & Light Company]; its successors, assigns and lessees, upon, across, over, under and along the cleared areas as set forth and shown on the plan hereto attached and made a part hereof and located in Packer Township, Carbon County, and Rush and Rahn Townships, Schuykill County, Pennsylvania, and upon, across, over, under and along the existing roads, streets and highways belonging to [the Panther Valley Water Company] adjoining the said cleared areas, *including the right of ingress and egress to and from the said lines at all times for any of the purposes aforesaid*….

Deed, 12/21/64, at 1 (pages renumbered and emphasis added).

Robert acquired the subject property in an April 22, 1988 deed from Blue Ridge Real Estate Company, and subsequently transferred ownership to himself and his wife, jointly.[1]  The April 22, 1988 deed states that the subject property was "under and subject to a permanent easement agreement dated December 21, 1964, by and between Panther Valley Water Company and Pennsylvania Power and Light Company, for transmission and distribution lines and other facilities, said Agreement having been assigned to Blue Ridge Real Estate Company."  Deed, 4/22/88, at 2 (pages renumbered).

On July 13, 2017, the Leibenspergers filed an Action for Declaratory Relief, requesting that the trial court "resolve the issue over the construction of the [e]asement and declare their right to be free of [PPL's] ingress and

---

[1] The record does not contain copies of the deed transferring ownership of the subject property between Panther Valley Water Company and Blue Ridge Real Estate Company.

egress over the [s]ubject [p]roperty." Action for Declaratory Relief, at 2 (pages unnumbered). The Leibenspergers specifically alleged that PPL's easement is invalid, or alternatively, that PPL should be barred from using the easement because PPL has access to its transmission facilities directly from a public highway. PPL filed Preliminary Objections in the nature of a demurrer, alleging that the easement is not ambiguous, and alternatively, that even if it is ambiguous, the Leibenspergers still have no basis for relief. The Leibenspergers filed an Answer. The trial court sustained PPL's Preliminary Objections and dismissed the Leibensperger's Action with prejudice. The Leibenspergers filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

The Leibenspergers' issues on appeal are as follows:

1. Whether the trial court committed an error of law in concluding that the Leibenspergers' Action for Declaratory Relief did not state a claim on which relief could be granted?

2. Whether the trial court committed an abuse of discretion in dismissing the Leibenspergers' Action for Declaratory Relief with prejudice?

Brief for Appellants at 4 (some capitalization omitted).

An appeal from an order granting preliminary objections in the nature of a demurrer is subject to plenary review. In determining whether the trial court properly sustained preliminary objections, the appellate court must examine only the averments in the complaint, together with the documents and exhibits attached thereto, and the impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion.

- 3 -

> Finally, preliminary objections in the nature of a demurrer require the court to resolve issues solely on the basis of the pleadings, and no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented.

*McNaughton Props., LP v. Barr*, 981 A.2d 222, 224 (Pa. Super. 2009) (citations omitted).

The Leibenspergers allege that the language granting the easement is vague in that it does not specify an exact location where "ingress and egress" is permitted. *See* Brief for Appellants at 10, 14-15. The Leibenspergers argue that where an easement is vague, the easement holder's use of the easement is limited to "any manner that is reasonable." *See id.* (citing *Lease v. Doll*, 403 A.2d 558 (Pa. 1979)). According to the Leibenspergers, *all* use of the easement at issue is unreasonable, because PPL has alternate access to their power lines via a route that does not require use of the subject property. *See* Brief for Appellants at 11-13.

"An easement is a right in the owner of one parcel of land by reason of such ownership to use the land of another for a special purpose not inconsistent with a general property in the owner." *Clements v. Sannuti*, 51 A.2d 697, 698 (Pa. 1947) (emphasis and citation omitted). "[A]n easement is an abstract property interest that is legally protected." *Forest Glen Condo. Ass'n v. Forest Green Commons Ltd. P'ship*, 900 A.2d 859, 864 (Pa. Super. 2006) (citation omitted). An express easement is created by explicit reservation in a grant of land. *See Piper v. Mowris*, 351 A.2d 635, 638 (Pa. 1976).

- 4 -

In interpreting an express easement,

[i]t is well established that the same rules of construction that apply to contracts are applicable in the construction of easement grants. … In ascertaining the scope of an easement, the intention of the parties must be advanced. Such intention of the parties is determined by a fair interpretation and construction of the grant and may be shown by the words employed construed with reference to the attending circumstances known to the parties at the time the grant was made. Where the grant of an easement is unrestricted, the grantee is given such rights as are necessary for the reasonable and proper enjoyment of the thing granted. … Thus, our cases tell us that when the grant of an easement is ambiguous[,] we must determine if the grantee's asserted use is a reasonable and necessary use in relation to the original purpose of the grant and within the intention of the original parties to the grant.

*Zettlemoyer v. Transcon. Gas Pipeline Corp.*, 657 A.2d 920, 924 (Pa. 1995) (quotation marks, brackets, and citations omitted).

Further, "terminating an easement is not a simple matter.... [A]n easement may terminate either through the operation of the limitations of its creation or by extinguishment." *Forest Glen*, 900 A.2d at 864.

Alternatively,

[i]n order to establish the abandonment of a right-of-way, the evidence must show that the easement holder intended to give up its right to use the easement permanently. Such conduct must consist of some affirmative act on his part which renders use of the easement impossible, or of some physical obstruction of it by him in a manner that is inconsistent with its further enjoyment.

*Moody v. Allegheny Valley Land Tr.*, 930 A.2d 505, 514 (Pa. Super. 2007) (citation omitted).

Here, the Leibenspergers have not alleged that the easement has been extinguished, or that PPL abandoned the easement, or committed some act

- 5 -

that would render use of the easement impossible. Instead, they simply assert that the holding in **Lease** provides a basis for termination of the PPL easement.

In **Lease**, the Lease family and Doll family owned adjoining parcels of land. **Lease**, 403 A.2d at 560. The sole means of access from a public road to the Leases' property was an easement over the Doll's property. **Id.** The easement was expressly reserved by a prior owner of both parcels in a transaction separating the two properties. **Id.** The language of that easement, in pertinent part, read as follows:

> A right-of-way is granted … leading from the southeast corner southward on the west side of the stream of water from the said corner to the public road. That the grantees and their successors may at all times have the right to use same as an outlet from the premises hereby conveyed to the public road.
>
> The right of way follows the stream which marks its eastern boundary and extends from the public road to the southern border of the Leases' property. The ground immediately adjacent to the stream is soft and damp and, on occasion, is impassable by a motor vehicle.

**Id.** (quotation marks omitted). When the easement was originally granted in 1952, it was used solely for traffic by foot, primarily because the property owner at that time did not own a motor vehicle. **Id.** at 561. Shortly after purchasing the property in 1971, the Leases sought to use the easement to travel by vehicle to the public road. **Id.** However, when they attempted to prepare the easement for vehicular travel, the Dolls built a fence on their property that "effectively limited the right of way to a footpath." **Id.** The

Leases filed a Complaint in equity against the Dolls, seeking to enjoin them from preventing access to the Leases' property, via motor vehicle travel, pursuant to the easement. *Id.* at 560. The Court concluded that the language setting forth the easement was ambiguous as to width and held that where an express easement is ambiguous, it is to be construed (1) in favor of the grantee, and (2) to allow any "reasonable use." *Id.* at 563. The Court found that use of the easement for motor vehicle travel was reasonable, because access to the public road was the contemplated purpose of the easement. *Id.* at 564.

Here, the Leibenspergers argue that **Lease** empowers a trial court to declare *all* use of an ambiguous express easement unreasonable. However, the issue in **Lease** was the *scope* of the easement, *i.e.*, what use of the easement was reasonable. *Id.* at 561. The **Lease** Court did not state, explicitly or implicitly, that a court may declare *all* use of an express easement unreasonable. Therefore, the holding in **Lease** is inapplicable. **See McNaughton Props.**, **supra**; **Forest Glen**, **supra**.

Moreover, the right of "ingress and egress" in PPL's easement "to and from the [electric] lines at all times" is clear and unambiguous. **See PARC Holdings, Inc. v. Killian**, 785 A.2d 106, 115 (Pa. Super. 2001) (stating that the grant of a right to "ingress and egress" is a type of easement, which may be "specifically defined as the entrance and exit of people, or people and vehicles, or more generally defined as access to the dominant estate.").

Indeed, the easement specifically stated that it was granted for the purposes of "construct[ing], operat[ing] … maintain[ing], and … reconstruct[ing] [the] electric lines." Deed, 12/21/64, at 1 (pages renumbered). Thus, the terms were defined with relation to the circumstances known to the parties at the time of the grant. **See Lease**, 403 A.2d at 562. As **Lease** is inapplicable, and PPL's easement is unambiguous, we cannot grant the Leibenspergers' Relief on their first claim.

In their second issue, the Leibenspergers allege that the trial court committed an abuse of discretion in dismissing their action with prejudice. **See** Brief for Appellants at 13. The Leibenspergers argue that if they were granted leave to amend their action, they could establish a factual record showing that *all* use of the easement by PPL would be unreasonable. **See id.** at 14.

Pennsylvania Rule of Civil Procedure 1033, which governs the amendment of pleadings, states, in relevant part, as follows:

> A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend the pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa.R.C.P. 1033.

> Even where a trial court sustains preliminary objections on their merits, it is generally an abuse of discretion to dismiss a complaint without leave to amend. There may, of course, be

cases where it is clear that amendment is impossible and where to extend leave to amend would be futile. However, the right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully. In the event a demurrer is sustained because a complaint is defective in stating a cause of action, if it is evident that the pleading can be cured by amendment, a court may not enter a final judgment, but must give the pleader an opportunity to file an amended pleading.

**Hill v. Ofalt**, 85 A.3d 540, 557 (Pa. Super. 2014) (citation and emphasis omitted).

Here, the Leibenspergers baldly seek to amend their action in order to plead additional facts that would support their contention that all use of the easement is unreasonable. In light of the unambiguous language in the easement, however, no amount of additional facts would permit the recovery requested by the Leibenspergers. Therefore, amendment of their action will not cure this fatal defect. **See id.** Accordingly, the trial court did not abuse its discretion in dismissing the Leibeinspergers' Action for Declaratory Relief with prejudice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/03/2018